### Henry Schenault *v.* The State.

1. Statute Construed.— The word "adult" as used in art. 496 of the Penal Code signifies a person who has attained the full age of twenty-one years.

2. Aggravated Assault — Charge of the Court.— To sustain a prosecution for aggravated assault, the State relied upon the fifth clause of art. 496 as to the cause of aggravation.   The defense asked the court to charge the jury that if they believed from the evidence that the accused was under twenty-one years old they must acquit of aggravated assault. The accused's age was admitted to be eighteen years, but the court refused to give the charge asked. *Held,* error.

Appeal from the County Court of Kimble.   Tried below before the Hon. G. E. Stewart, County Judge.

The indictment charged the appellant as an "adult male," with an aggravated assault upon Bob Sessam, a child.   His punishment was assessed at a fine of $100, and one month's confinement in the county jail.

The evidence shows that the appellant whipped the principal witness, who was twelve years old, with a rope, doubled, striking him twelve or thirteen times, and inflicting great bodily pain.   It was agreed by counsel that the appellant was but eighteen years old at the time the offense was committed.

No brief for the appellant.

*H. Chilton,* Assistant Attorney General, for the State.

Winkler, J.   It is an admitted fact that the defendant at the time of the trial was not over eighteen years of age.   On the trial, counsel for the defendant requested the court to charge the jury to the effect that if they believed from the evidence that the defendant was under twenty-one years of age and a male they must acquit him of an aggravated assault.   This charge among others was

refused by the court, and the ruling reserved by bill of exceptions.

The question raised by the refusal of the court to give this instruction, and which is the only one necessary to be considered, is this: what is the legal signification of the word *adult*, as found in the definition of an aggravated assault, in article 496 of the Penal Code, in prescribing and defining the circumstances under which an assault or battery becomes aggravated? It is declared in subdivision 5 of this article that such is the case, "when committed by an adult male upon the person of a female or child, or by an adult female upon the person of a child." The authorities all agree, so far as we are advised, that at common law the word *adult* signifies a person who has attained the full age of twenty-one years. The word *adult* seems to have a well defined meaning both in law and in common acceptation. Mr. Bouvier defines the meaning of the word as used in the civil law, with which we have no present concern, and says: "In the common law an adult is considered one of full age." Mr. Wharton defines the word as signifying "a person of full age." Mr. Webster gives as one of the meanings "one who has reached the years of manhood." In *Raven* v. *Waite*, 1 Swanston's Ch. R. 553, cited by Mr. Bouvier, the term *adult* and the phrase *having arrived at the age of twenty-one years* appear to be used interchangeably.

It is true that there are provisions of the Code which relate to the age at which a person must have arrived before he can be punished criminally or for particular offenses. For instance, no child can be convicted of any offense committed before arriving at the age of nine years, nor for an offense committed between the years of nine and thirteen, unless it shall appear by proof that he had discretion sufficient to understand the nature and illegality of the act which constitutes the offense; nor

can any one be punished capitally for an offense committed before he has arrived at the age of seventeen years, but he may be punished otherwise than by death. Penal Code, arts. 36 and 37. Statutes of this character have no reference to, nor do they have any bearing upon, the question under consideration. The word *adult* is not specifically defined by statute. The word *minor*, however, is, and as used in the Penal Code signifies a person under the age of twenty-one years. Penal Code, art. 40. One cannot be said to have arrived at full age, or be said to be an adult person, until he has passed the age of minority.

We are of opinion, therefore, that agreeably to the plain direction of the statute one cannot be convicted of an aggravated assault or battery on a female or a child until arriving at the age of twenty-one years, and, having passed the age of minority, has attained full age, under the provisions of article 496, clause 5, Penal Code, above cited. Whether he could be convicted of any other offense, or of an assault with intent to commit some other offense, is not involved in the present investigation. All we intend to decide is that the word *adult*, in the clause of the article quoted, means one who has arrived at the age of twenty-one years. We are therefore of opinion that the charge asked by the defendant's counsel and refused by the court, as set out above, was a correct enunciation of the law of the case and applicable to the conceded facts in evidence, and that it was error in the court to refuse it. Because of this error the judgment will be reversed and the case remanded for a new trial.

*Reversed and remanded.*